UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| In re: | |
|---|---|
| DEASY ASSOCIATES, LLC | Chapter 11 |
| Debtor | Case No. 14-41882-MSH |

**DEBTOR'S MOTION FOR APPROVAL OF SALE OF REAL ESTATE**
(re: 375 Little Sandy Pond Road, Assessors Map 58, Lot 25-3, Plymouth, Massachusetts)

Now comes the debtor, Deasy Associates, LLC, and moves pursuant to 11 U.S.C. §363, Fed. R. Bankr. P. 6004, and MBLR 6004-1 for authority to sell the parcel of real estate located at 375 Little Sandy Pond Road, shown as Lot 25-3 on Assessors Map 58, Plymouth, Massachusetts, and sets forth as grounds therefor:

1. Debtor owns approximately 12 acres of land in Plymouth.  Debtor has been pursuing subdivision of the land into saleable lots.

2. Prior to filing this Chapter 11 case, Debtor had been actively marketing one particular lot ("Lot 25-3") and had entered into a Purchase and Sale Agreement prior to the filing of the case with the Buyer, Absolute Building Consultants, Inc. on August 25, 2014. The Debtor notified its mortgagee, Hingham Institution for Savings ("HIS"), that it had a transaction under agreement and requested that the mortgagee postpone the foreclosure auction scheduled for August 26, 2014 by the mortgagee. With the mortgagee unmoved by this development, the Debtor commenced this case under Chapter 11 on August 25, 2014 to halt the foreclosure sale.

3. According to the record title, Debtor owns the following property in fee simple:

> "A particular parcel land located at 375 Little Sandy Pond Road, Assessors Map 58, Lot 25-3, Plymouth, Massachusetts, more particularly described in a deed dated February 18, 2009 and recorded with Plymouth Registry of Deeds at Book 36813, Page 186 and a Plan of Land Prepared for Deasy Associates LLC by Land Management Systems, Inc. scale 1" = 60', dated May 28, 2012, said Plan recorded at Plan Book 57, Page 489 as Plan 356 of 2012 at said Registry of Deeds."

See copy of Plan attached hereto as Exhibit A.

4. Upon information and belief, the Property is subject to the following liens:

   (a) Mortgage from Deasy Associates, LLC to HIS in the original principal amount of $200,000.00 and recorded at said deeds at Book 35456 Page 70;

   (b) Real estate tax lien pursuant to MGL c. 60 s. 37, in the amount of $7,157.10 owed to the Town of Plymouth.

5. The current value of secured liens on the property is as follows:

   (a) HIS:

   principal $104,809.44; interest, late charges and

   expenses: $19,060.18 (cure amount):        $123,869.62

   (b) Town of Plymouth:                       $7,157.10

   Total:                                      $131,026.72

6. **Lot 25-3 consists of approximately 1/12 of the land owned by the Debtor. It does not constitute all or substantially all of the Debtor's assets.**

7. **Debtor intends to subdivide and sell the remaining land as individual lots.**

8. Debtor has filed an application to employ James Collins of Cape Cod Oceanview Realty Inc. as Real Estate Broker for the purpose of listing the property for sale (Docket #37).

9. The Buyer is Absolute Building Consultants, Inc. which has a mailing address of 295 Head of the Bay Road, Bourne, Massachusetts (the "Buyer").

10. The P & S provides for a gross sale price of $80,000.00 (the "Purchase Price") and a closing date of November 15, 2014. An authentic copy of the P & S is attached hereto as Exhibit B.

11. This offer was the product of conventional commercial marketing by a licensed real estate broker. Debtor represents this to be an arm's length, fair market value offer. Debtor represents this offer is not to an insider, and is not the product of collusion or bad faith.

12. Debtor desires to sell the property in order to:

    (a) Cure the arrears on the HIS loan in full and return that loan to current status;

    (b) Pay off 100% of the balance of the Town of Plymouth liens presently standing against the Property;

    (c) Create an escrow amount sufficient to provide adequate protection payments to HIS until confirmation of the Plan;

    (c) Partially fund its Chapter 11 Plan which will pay all anticipated unsecured creditor claims in full.

13. The debtor requests the court find:

    (a) The sale of the Property to the Buyer is to be made free and clear of all liens, claims, encumbrances, and other interests in the real estate.

    (b) There are sound reasons for debtor to effectuate the sale of the Property pursuant to 11 U.S.C. §363(b), and such sale free and clear of all liens, claims, encumbrances and other interests in the Property is authorized under 11 U.S.C. §363(b),(c), and (f);

    (c) The sale of the Property to the Buyer for the Purchase Price is in the best interest of the debtor's estate and the Purchase Price constitutes adequate and fair value for the Property;

    (d) The transaction proposed by this Sale Motion is undertaken by the debtor and Buyer at arm's length and in good faith. Upon consummation, the Buyer shall be deemed

a good faith purchaser of the Property and entitled to the protections afforded by 11 U.S.C. §363(m).

(e) The Buyer is not a successor in interest of the debtor, and is not subject to successor liability for claims against the debtor or the estate, whether existing at the time of closing or thereafter.

(f) Appropriate notice and opportunity to be heard with respect to this Sale Motion and the transaction contemplated herein have been afforded to all necessary parties including but not limited to those parties and entities claiming a lien or interest in the Property, and such notice otherwise satisfies the requirements of Fed. R. Bankr. P. 2002(a)(2) and 6004(a) and (c); and

(g) The 14-day stay of the Court's Order on this Motion provided in Fed. R. Bankr. P. 6004(h) shall not apply.

14. In accordance with MBLR 6004-1, debtor shows as follows:

A.  <u>Whether sale is to be free and clear of liens or interests:</u>

Debtor intends to satisfy the Town of Plymouth's statutory lien for unpaid real estate taxes from the sale proceeds at closing. The sale will be free and clear of HIS's interests pursuant to 11 U.S.C. §363.

B.  <u>The identity of the holder of any lien or interest in the property to be sold:</u>

    a.    Hingham Institution for Savings
           55 Main Street
           Hingham, MA 02043

    b.    Town of Plymouth
           Town Office Building
           11 Lincoln Street
           Plymouth, MA  02360

C.  <u>Efforts made by the estate representative to market the property.</u>

Prior to filing the petition, Debtor interviewed and selected a qualified, licensed real estate broker and they entered into a listing agreement. The property has been actively advertised and marketed since. An offer of $85,000 was tendered and accepted before the petition was filed, however the prospective buyer backed out shortly before the sale was to close. The present purchase and sale agreement provides a sales price of $80,000.00 which debtor believes to be a fair market price. The prospective purchaser is controlled by the same builder who purchased an adjoining lot (Lot 25-1) from the Debtor on October 31, 2012 and successfully built a house thereon. He has already commenced the permitting process.

D. <u>Whether approval is sought for distribution of proceeds.</u>

Debtor hereby seeks approval for distribution of the sale proceeds as follows:

(a) Payoff of the secured liens as follows:

    (i)    HIS:    $19,060.18

    (ii)    Town of Plymouth:    7,157.10*

    * plus amounts as may have accrued through the date of closing to clear the title lien

(b) Real estate broker's commission pursuant to listing agreement;

(c) Closing costs, recording fees, documentary tax stamps, utility and tax adjustments, all in accordance with the P & S and customary practice

(d) The sum of $20,000.00 to be held by debtor's counsel in escrow to provide adequate assurance to HIS for timely payment of monthly mortgage payments. Counsel may disburse to HIS each month in accordance with HIS's invoices without further order of the Court until depleted; except in

the case of confirmation of a Plan, or dismissal or conversion of the case, in which event counsel shall hold such funds until further order of the Court.

    (e)    The remaining funds to be deposited into the Debtor's DIP account pending confirmation; and may be disbursed in debtor's ordinary course of business for approved counsel fees; and engineering and subdivision costs.

    E.    <u>Why a private sale, rather than a public sale, is in the estate's best interest.</u>
Private sales through brokers enable a larger pool of applicants to make offers, and thus typically generate higher sales prices, which is in the best interest of the estate as well as the debtor.

    F.    <u>If all or substantially all of debtor's assets are to be sold / Chapter 11 Disclosure.</u>
This sale does not constitute the sale of all or substantially all of debtor's assets.

15. Notice of Sale. In accordance with MLBR 6004-1 a proposed Notice of Sale is attached hereto as Exhibit C.

## RATIONALE

16. Sale of estate assets can be approved under 11 USC § 363(b) if there is a sound business reason for the sale. <u>In re Lionel Corp.,</u> 722 F.2d 1063, 1071 (2d Cir. 1983). The sale proposed here is supported by sound business judgment. The Debtor is in the business of selling lots to real estate developers. The sale is to a real estate developer that has purchased a previous lot from the Debtor and successfully erected and sold a single family home. The amount received is fair market value. The proceeds will allow the debtor to fund and propose a confirmable plan shortly after closing.

15. Under 11 USC § 363(f), "the trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

    (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

In accordance with the loan documents and custom, HIS may be compelled to accept the amount proposed due to the partial release agreements with the Debtor. See In re East Airport Dev. LLC, 443 B.R. 823 (B.A.P. 9th Cir. 2011).

WHEREFORE debtor moves that the Court (a) approve the proposed sale; (b) hold any hearings on this motion on or before October 31, 2014 in order to permit the sale to proceed to closing as scheduled in the Purchase and Sale Agreement; (c) waive the 14-day stay period set forth in Fed. R. Bankr. P. 6004(h) in order to permit the proposed sale to proceed as scheduled; and (d) grant such further orders and relief as may be appropriate.

Dated:  October 3, 2014

DEASY ASSOCIATES, LLC
BY ITS ATTORNEYS:


   /s/ Michael J. Tremblay_____
MICHAEL J. TREMBLAY,   BBO 502133
277 Main St.
Marlborough, MA 01752
Tel. 508-485-4500
Fax. 508-449-3969
Email:  attorney@tremblay.com


/s/ Matthew W. McCook_____
MATTHEW W. MCCOOK   BBO 678469
277 Main St.
Marlborough, MA 01752
Tel. 508-281-1090
Fax. 508-449-3969
Email:  matt@mccooklaw.com



From the office of:
**Mulligan, Inc. Real Estate**
P.O. Box 953
Sagamore Beach, Ma 02562
Agent: Michael Mulligan
Cell: 508-294-4859

## LAND PURCHASE & SALE AGREEMENT

AGREEMENT made this **25** day of **August**, 2014 between the SELLER:
**Deasy Associates LLC, 25 Whitney St., Unit 8, Northborough, Ma 01532**
and BUYER(S); **ABSOLUTE BUILDING CONSULTANTS, INC., Michael R. Mulligan, President &/or Assigns** with a mailing address at. **295 Head of the Bay Rd., Bourne, Ma 02532** The SELLER agrees to sell and the BUYER agrees to buy the land known as **375 Little Sandy Pond Rd.** as shown on the Town of Plymouth Assessors Map **58** Lot **25-3**. Title may be found at the Plymouth Registry of Deeds, Book **36813** Page **186** containing approximately **34,978 S.F. +/-** of land.

### PRICE & TERMS OF SALE

| | |
|---|---|
| Agreed sales price........................................................ | $ 80,000.00 |
| Deposit held by **Cape Cod Oceanview Realty, Inc.** | $ 1,000.00 |
| Balance paid at time of delivery of deeds | $ 79,000.00 plus buyer Closing costs |

**No mortgage contingency asked for**

### PROVISIONS

1. The deed is to be delivered on or before **November 15, 2014** at **2:00** p.m. at the Plymouth County Registry of Deeds unless otherwise agreed upon. It is agreed that the time is of the essence in all matters concerning this agreement. The acceptance of a deed by the Buyer shall be a full performance and discharge of every agreement and obligation herein.

2. The Buyer will take full possession of the land free of all tenants and occupants, except as herein provided, at the time of the delivery of the deed. The land is to be in the same condition as it is now with reasonable use and wear excepted. The Buyer will be entitled to inspect the land prior to the delivery of the deed.

3. A broker's fee of **$ 4,000.00** for professional services is to be paid by the seller when the deed is recorded to **Cape Cod Oceanview Realty INC** – co- broke as per MLS with buyer's broker: **Mulligan Inc. Real Estate**

Page 1 of 3

4.      The Seller will deliver a Quitclaim Deed conveying a good and clear record and marketable title to the land, free from all encumbrances, except easements and restrictions of record that do not interfere with the use of the premises for residential purposes. The Seller may use part of the purchase money to clear the title of any encumbrances. The Seller agrees to make a reasonable effort to remove any defects in title and to deliver possession of the premises as provided herein. If the Seller shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at any time at the delivery of the deed the premises do not conform with the provisions hereof, then any payments made under this agreement shall be refunded and all other obligations of the parties hereto shall cease and this agreement shall be void and without recourse to the parties hereto, unless the Seller elects to use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the Seller shall give written notice thereof to the buyer at or before the time for performance thereunder, and thereupon the time for performance hereof shall be extended for a period of thirty (30) days.

5.      If the buyer fails to fulfill the buyer's agreements herein, all deposits made by the buyer shall be forfeited by the buyer and retained by the seller. This shall be the seller's sole remedy in law and equity. In the event of a disagreement between the parties, the escrow agent shall retain all deposits made under this agreement pending written instructions mutually given by the seller and buyer or a court of law.

6.      ADJUSTMENTS – Taxes and rent charges will be apportioned as of the date of conveyance as applicable.

7.      This instrument is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, and administrators, executors, successors and assigns; and may be canceled, modified or amended only by a written instrument executed by both the seller and the buyer. If two or more persons are named herein as seller or buyer, their obligations thereunder are joint and several.

8.      The buyer acknowledges that he has not relied upon any warranties or representations not incorporated in this agreement. **NONE MADE**

9. **ADDITIONAL PROVISIONS:**
   a. Buyer will receive from seller or seller's agent any covenants within 5 days of a signed offer for review and acceptance
   b. The Buyers are aware that Michael R. Mulligan is a licensed real estate sales person.
   c. Subj. to buyer being able to market a spec home on the subject property with Mulligan Real Estate with a sign and in MLS while doing engineering work prior to closing.
   d. Seller gives buyer permission to enter property to do engineering and any other activities needed to obtain permits.
   e. CLOSING TIME: If buyer shows due diligence in working toward obtaining necessary permits but closing is delayed due to seller or town's holdups, seller agrees to extend closing time as needed.
   f. Subj to buyer obtaining from Town of Plymouth permits to erect a 3 bedroom, single family dwelling.
   g. This offer is good until: **August 28, 2014**

10. The undersigned parties acknowledge receipt of a copy of this agreement. This is a legally binding contract. If you do not understand it, please seek competent advice.

**WITNESS** our hands and seals on the day and year first above written.

_____  8/25/14
BUYER: Michael R. Mulligan, President
Absolute Building Consultants, Inc.

DEASY ASSOCIATES, LLC

BY: _____  8-25-14
SELLER: PETER D. DEASY, MANAGER

Page 3 of 3

**Exhibit C**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| In re:<br><br>DEASY ASSOCIATES, LLC<br><br>    Debtor | Chapter 11<br><br>Case No. 14-41882-MSH |
|---|---|

### NOTICE OF INTENDED PRIVATE SALE OF ESTATE PROPERTY, SOLICITATION OF COUNTEROFFERS, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS, AND HEARING DATE

| DATE OF THE PROPOSED SALE: | November 15, 2014 |
|---|---|
| DEADLINE FOR FILING OBJECTIONS OR COUNTEROFFERS: | October 27, 2014 at 4:30 p.m. |
| HEARING DATE | October 30, 2014 at 11:45 a.m. |

**NOTICE IS HEREBY GIVEN**, pursuant to 11 U.S.C. §363, Fed, R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, that the Debtor, Deasy Associates, LLC, intends to sell at private sale the Debtor's right, title and interest in certain property of the estate.

**PROPERTY TO BE SOLD**:
Real property shown as Lot 25-3 on Assessor's map 58 located at 375 Little Sandy Pond Road, Plymouth, Massachusetts, containing 34,978 square feet of land more or less, and more particularly described in a deed dated February 18, 2009 and recorded with Plymouth Registry of Deeds at Book 36813, Page 186 and a Plan of Land Prepared for Deasy Associates LLC by Land Management Systems, Inc. scale 1" = 60', dated May 28, 2012, said Plan recorded at Plan Book 57, Page 489 as Plan 356 of 2012 at said Registry of Deeds (hereinafter the "Property").

**THE OFFER**:
The debtor has received an offer to purchase the property for the sum of Eighty Thousand and no/100's ($80,000.00) U.S. Dollars in cash.

**THE PROPOSED BUYER:**
The proposed buyer is Absolute Building Consultants, Inc. which has a mailing address of 295 Head of the Bay Road, Bourne, Massachusetts (the "Buyer"). The relationship of the proposed buyer to the debtor is: There is no relationship between the parties.

**THE SALE DATE**:

The sale shall take place on or before November 15, 2014. The proposed buyer has paid a deposit in the sum of $1,000.00.  The terms of the proposed sale are more particularly described in a Motion for Order Authorizing and Approving Private Sale of Property of the Estate (the "Motion to Approve Sale") filed with the Court on October 3, 2014 and a written purchase and sale agreement dated August 25, 2014. The Motion to Approve Sale and the purchase and sale agreement are available at no charge upon request from the undersigned.

**SALE FREE AND CLEAR OF LIENS**:
The Property will be sold free and clear of all liens, claims and encumbrances. Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

**COUNTEROFFERS OR OBJECTIONS**:

Any objections to the sale or requests for hearing shall be filed in writing with the Clerk, United States Bankruptcy Court at United States Bankruptcy Court, 595 Main Street, Room 211, Worcester, Massachusetts, 01608, on or before **October 27, 2014** at 4:30 p.m. ("the Objection Deadline").   A copy of any objection also shall be served upon the undersigned. Any objection must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection shall be governed by Fed. R. Bankr. P. 9014.

Through this Notice, higher offers for the Property are hereby solicited. Any higher offer must be accompanied by a cash deposit of $2,000.00 in the form of a certified or bank check made payable to the undersigned.  Higher offers must be on the same terms and conditions provided in the Purchase and Sale Agreement, other than the purchase price.

**HEARING:**

A hearing on the Motion to Approve, objections or higher offers is scheduled to take place on **October 30, 2014** at 11:45 a.m. before the Honorable Melvin S. Hoffman, United States Bankruptcy Judge, 595 Main Street, Courtroom 3, Worcester, Massachusetts.  Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection may be overruled or the higher offer stricken. The Court may take evidence at any hearing on approval of the sale to resolve issues of fact. If no objection to the Motion to Approve Sale or higher offer is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without a hearing.

At the hearing on the sale the Court may 1) consider any requests to strike a higher offer, 2) determine further terms and conditions of the sale, 3) determine the requirements for further competitive bidding, and 4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

**DEPOSIT**:
The deposit will be forfeited to the estate if the successful purchaser fails to complete the sale by the date ordered by the Court. If the sale is not completed by the buyer approved by the Court, the Court, without further hearing, may approve the sale of the Property to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

Dated: October 3, 2014

Respectfully Submitted,

DEASY ASSOCIATES, LLC
BY ITS ATTORNEY:


    /s/ Michael J. Tremblay
MICHAEL J. TREMBLAY,   BBO 502133
277 Main St.
Marlborough, MA 01752
Tel. 508-485-4500
Fax. 508-449-3969
Email:  attorney@tremblay.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>DEASY ASSOCIATES, LLC<br><br>Debtor | Chapter 11<br><br>Case No. 14-41882-MSH |

(PROPOSED)
**ORDER ON DEBTOR'S MOTION FOR APPROVAL OF SALE OF REAL ESTATE**

The debtor having filed on October 3, 2014 a Motion for Approval of Sale of Real Estate shown as Lot 25-3 on Assessor's Map 58 at 375 Little Sandy Pond Road, Plymouth, Massachusetts ("Sale Motion") to which was attached a Purchase and Sale Agreement (the "Purchase and Sale Agreement"), together with a proposed Notice of Intended Private Sale of Estate Property, Solicitation of Counteroffers, Deadline For Submitting Objections, and Counteroffers, and Hearing Date (the "Notice"); the Court having established a bar date of **October 27, 2014** for the filing of objections to the proposed sale, or the filing of higher offers; the debtor's counsel having filed a Certificate of Service of the Notice; sufficient notice having been given pursuant to Rules 2002(a)(2) and (c), 6004, and 9014 of the Federal Rules of Bankruptcy Procedure and no other or further notice of the Sale Motion or the entry of this order being necessary; no objections or higher offers having been timely submitted; and good cause appearing therefore:

It is hereby **ORDERED** pursuant to 11 U.S.C. §363(b) and (f):

1. The Sale Motion is allowed except as is modified by the terms of this Order;

2. The debtor is authorized to sell to Absolute Building Consultants, Inc. of 295 Head of the Bay Road, Bourne, Massachusetts ("Buyer") all of the debtor's right, title and interest to the property known as Lot 25-3 on Assessor's Map 58 at 375 Little Sandy Pond Road, Plymouth, Massachusetts more particularly described in a deed dated February 18, 2009 and recorded with

Plymouth Registry of Deeds at Book 36813, Page 186 and a Plan of Land Prepared for Deasy Associates LLC by Land Management Systems, Inc. scale 1" = 60', dated May 28, 2012, said Plan recorded at Plan Book 57, Page 489 as Plan 356 of 2012 at said Registry of Deeds. (the "Property") for the sum of Eighty Thousand and no/100's ($80,000.00) U.S. Dollars (the "Purchase Price"); free and clear of any and all liens, claims or encumbrances of any kind or nature, with all liens, claims, encumbrances and interests to the extent of their validity, perfection, priority, enforceability and sufficiency to attach to the proceeds of the sale.

3. All persons or entities holding or asserting liens, claims, encumbrances or interest in the Property shall be, and they are hereby, forever barred from asserting such liens, claims, encumbrances or interest against the Property or any purchaser of the Property of her successors or assigns.

4. The purchase price (less the Liens Paid and adjustments pursuant to the Purchase and Sale Agreement) shall be paid to debtor's counsel, Michael J. Tremblay, and delivered to him at his usual place of business, 277 Main St., Marlborough, MA 01752. From these proceeds, the debtor is authorized to make the disbursements as specified in the Sale Motion.

5. Failure by the Buyer to pay the purchase price in accordance with the Purchase and Sale Agreement on or before November 15, 2014 shall constitute a default by the Buyer and the Buyer shall thereupon forfeit to the Estate the deposit previously paid as liquidated damages which shall be the debtor's exclusive remedy at law or in equity.

9. The transaction contemplated by the Sale Motion is undertaken by the debtor and Buyer at arm's length and in good faith. The Purchaser shall be deemed a good faith purchaser of the Property and is entitled to the protections afforded by 11 U.S.C. §363(m).

10. This Court will retain jurisdiction (i) to enforce and implement the terms of the Purchase and Sale Agreement; (ii) to compel delivery of the Property to the Buyer; (iii) to compel delivery of the Purchase Price to the debtor's counsel; (iv) to resolve any disputes, controversies or

claims arising out of or relating to the Purchase and Sales Agreement; and (v) to interpret, implement and enforce the provisions of this Order.

SO ORDERED at Worcester this _____ day of _____, 2014.

_____
MELVIN S. HOFFMAN
UNITED STATES BANKRUPTCY COURT JUDGE

CERTIFICATE OF SERVICE

I, Michael J. Tremblay, do hereby certify that I have served the foregoing:

1) **MOTION FOR APPROVAL OF SALE OF REAL ESTATE**
2) **NOTICE OF INTENDED PRIVATE SALE OF ESTATE PROPERTY, SOLICITATION OF COUNTEROFFERS, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS, AND HEARING DATE**

pursuant to 11 U.S.C. §363 upon the parties listed below via electronic service this date:

Richard King, US Trustee's Office
Matthew W. McCook, Of counsel to the Debtor
Kevin Gaughen, Jr., Counsel for Hingham Institution for Savings

☑    and to the parties listed in the attached list by first class mail.

Dated:  October 3, 2014

                                         /s/ Michael J. Tremblay
                                        MICHAEL J. TREMBLAY
                                        BBO#502133
                                        277 Main St.
                                        Marlborough, MA 01752
                                        Tel. (508) 485-4500
                                        attorney@tremblay.com

Service list by mail:

| | |
|---|---|
| American Express<br>P.O. Box 297871<br>Fort Lauderdale, FL  33329 | TD Bank<br>32 Chestnut Street<br>Lewiston, ME 04240 |
| Peter Deasy<br>25 Whtiney Street #8<br>Northborough, MA  01532 | Scott Davis, Esq.<br>14 South Street<br>PO Box 1183<br>Westborough, MA 01581 |
| Shari Deasy<br>44 Hollyberry Lane<br>Hanover, MA  02339 | Town of Plymouth<br>Town Office Building<br>11 Lincoln Street<br>Plymouth, MA  02360 |
| St. Mary's Credit Union<br>PO Box 729<br>Marlborough, MA 01752 | |
| | Absolute Building Consultants, Inc.<br>295 Head Of The Bay Rd<br>Bourne, MA 02532-5640 |